10040

GOLDBERG *ET AL.* v. CAROLINA PUBLIC SERVICE COMPANY.

(96 S. E. 404.)

EVIDENCE—ADMISSIBILITY—PAROL EXPLANATION OF WRITTEN CONTRACT.
—A party to a written contract for sale of certain "lots of scrap
iron" was entitled to explain by parol the meaning of the word "lots"
and what particular scrap iron was sold.

Before WHALEY, County Judge, Richland, November
term, 1917.   Reversed.

Action by R. Goldberg and others, copartners doing busi-
ness as the American Metal & Waste Company, against the
Carolina Public Service Company.   Judgment on verdict
for plaintiff, and defendant appeals.

*Mr. F. G. Tompkins,* for appellant, cites: *As to admissi-
bility of parol evidence to explain the meaning of certain
words in a written contract:* 87 S. C. 67; 86 S. C. 8; 93 S.
C. 406.   *As to the meanings of the words "prompt
delivery:"* 35 Cyc. 118; 90 S. C. 153; 9 Cyc. 626.

*Messrs. J. Nelson Frierson, Pierre F. LaBorde* and *J.
Berlin,* for respondents, cite: *As to the inadmissibility of
parol testimony to vary or contradict the terms of a written
instrument:* 44 S. C. 277; 77 S. C. 92.

July 18, 1918.

The opinion of the Court was delivered by MR. JUSTICE
WATTS.

This is an action for breach of contract for the sale of cer-
tain lots of scrap iron on the yards of the appellant's plants
in South Carolina, in which respondents claim they failed to
get the scrap iron due from a plant of appellant in the city of
Charleston, but, on the contrary, that the appellant sold some
of the iron to other parties, and used some of it, all in breach
of said contract, and that the respondent by such nondelivery

was damaged in the sum of $780. After issue joined the case was tried before County Court Judge and a jury on November 1, 1917, and resulted in a verdict in favor of the respondent for $260. After entry of judgment, appellant appeals.

Exception one is as follows:

(1) In that the presiding Judge erred in refusing to allow the witness, A. Koplow, to answer question or questions tending to prove paragraph 4 of the answer of the defendant, on the ground that the same was a variation of the contract, when said testimony was not only competent, but extremely vital to the defendant's case, and in refusing to allow the witness, Hemphill, for the defendant, to testify as to the meaning of the contract, as to what particular scrap iron was sold when the same was in direct response to the same allegation of the answer of the defendant.

This exception must be sustained. The appellant had the right by parol evidence to explain the significance of this word in the contract. It was not a variation of the contract. The witness, Hemphill, ought to have been allowed to answer the question, and to testify as to the meaning of the contract, and as to what particular scrap iron was sold, when the same was in response to the allegations in the pleadings. The appellant should have been allowed to show what the word "lots" meant, and to have shown that the large quantities of scrap iron claimed by the respondent were used by the appellant in rebuilding the plant at Charleston. When all of the circumstances were proven as were in the case, the witness had the right to give his construction of the contract, and to show what the word "lots" meant.

The other exceptions are overruled.

Judgment reversed, and new trial granted.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES FRASER and GAGE concur.

MR. JUSTICE HYDRICK concurs in the result.